PHYSICIANS COMMITTEE FOR RE-
SPONSIBLE MEDICINE; People for
the Ethical Treatment of Animals;
Trulie Ankerberg–Nobis; Robin Hu-
mell; and Jennifer Reilly, Plaintiffs—
Appellants,

and

Natural Resources Defense Council,
Inc.; et al., Intervenors,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY; and Ste-
phen L. Johnson, Administrator, De-
fendants—Appellees.

No. 06–17321.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 13, 2008.

Filed Sept. 5, 2008.

Claire Gregory, Esquire, Daniel Kin-
burn, Esquire, Physicians Committee for
Responsible Medicine, Washington, DC,
Wilson K. Park, Esquire, Morgenstein &
Jubelirer, Bruce A. Wagman, Esquire,
Schiff Hardin LLP, San Francisco, CA, for
Plaintiffs–Appellants.

Michael E. Wall, Natural Resources De-
fense Council, San Francisco, CA, for In-
tervenors.

Todd W. Gleason, Esquire, Tamara N.
Rountree, Esquire, U.S. Department of
Justice, Environmental & Natural Re-
sources Div., Washington, DC, for Defen-
dants–Appellees.

Before: THOMPSON and WARDLAW, Circuit Judges, and BOLTON,* District Judge.

## MEMORANDUM **

Appellants appeal the district court's decision to grant summary judgment in favor of the United States Environmental Protection Agency ("EPA"). We review de novo the district court's conclusion that Appellants failed to meet their burden to come forward with sufficient evidence to create a genuine issue of material fact as to whether they satisfied the injury in fact, causation, and redressability elements of standing. *Central Delta Water Agency v. Bureau of Reclamation,* 452 F.3d 1021, 1025 (9th Cir.2006). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

"[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.(TOC), Inc.,* 528 U.S. 167, 180–81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). There is also a prudential component of the standing inquiry when suit is brought under the Administrative Procedures Act, requiring Appellants to "show that they fall within the 'zone of interests' to be protected or regulated by the underlying statute in question." *Graham v. FEMA,* 149 F.3d 997, 1001 (9th Cir.1998) (citing *Nat'l Credit Union Admin. v. First Nat'l Bank & Trust Co.,* 522 U.S. 479, 488, 118 S.Ct. 927, 140 L.Ed.2d 1 (1998)).

The party asserting federal jurisdiction has the burden of proving the three elements of standing, which are "not mere pleading requirements but rather an indispensable part of the plaintiff's case." *Lujan,* 504 U.S. at 561, 112 S.Ct. 2130. Therefore, "each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Id.* On a motion for summary judgment, "the plaintiff can no longer rest on such 'mere allegations,' but must 'set forth' by affidavit or other evidence 'specific facts,' ... which for purposes of the summary judgment motion will be taken to be true." *Id.* (quoting Fed.R.Civ.P. 56). For this reason, Appellants "need not establish that they in fact have standing, but only that there is a genuine question of material fact as to the standing elements." *Cent. Delta Water Agency v. United States,* 306 F.3d 938, 947 (9th Cir.2002).

■ Ms. Ankerberg–Nobis, Ms. Humell, and Ms. Reilly ("Individual Appellants") have not identified any pesticides used on food that increase the risk of endocrine-disruptive effects at the EPA's current tolerance levels, and have failed to produce evidence showing a credible threat of physical harm. Individual Appellants failed to produce sufficient evidence to create a genuine question of material fact as to whether they suffered an injury in fact based on the threat of physical harm due

---

* The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

to the use of pesticides at the current tolerance levels.

Individual Appellants also failed to provide evidence showing a concrete and particularized economic injury because they have not provided any evidence of their actual expenditures on food. Individual Appellants' evidence of a generalized concern about pesticide chemicals is also insufficient to show a concrete and particularized emotional harm that is actual or imminent. Individual Appellants failed to provide sufficient evidence to show that the EPA's alleged failure to implement the Endocrine Disruptor Screening Program caused them harm, or that it is likely, as opposed to merely speculative, that their injury will be redressed by a favorable decision.

■ "An association has standing to bring suit on behalf of its members when its members would otherwise have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Laidlaw,* 528 U.S. at 181, 120 S.Ct. 693(citing *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 343, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977)). Because Individual Appellants failed to produce sufficient evidence of standing, Physicians Committee for Responsible Medicine and People for the Ethical Treatment of Animals ("Organizational Appellants") do not have associational standing either.

In determining whether an organization has standing in its own right, the inquiry is the same as in the case of an individual. *Havens Realty Corp. v. Coleman,* 455 U.S. 363, 378–79, 102 S.Ct. 1114, 71 L.Ed.2d 214 (1982). Therefore, Organizational Appellants have the same burden of producing sufficient evidence to show a genuine issue of material fact with respect to each of the elements of standing. The district court did not fail to consider Organizational Appellants' argument that they have standing in their own right. The EPA's denial of the rule making petition does not itself constitute an injury in fact, and Organizational Appellants have not satisfied their evidentiary burden to create a genuine issue of material fact as to standing in their own right.[1]

**AFFIRMED.**

---

1. Because Appellants failed to raise the informational standing argument advanced by Amicus Natural Resources Defense Council, Inc., we decline to reach it.

